# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| TOMMIE JOE HAMILTON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | Civil No. 3:16-CV-1730-O |
| | § | (No. 3:09-CR-234-O-(01)) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Movant, Tommie Joe Hamilton, a federal prisoner, filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. After considering his Section 2255 motion (ECF No. 2), the government's response (ECF No. 9), and Movant's replies (ECF Nos. 10 & 11), the Court concludes that the Section 2255 motion should be denied as meritless.

## Applicable Background

Movant pleaded guilty to bank robbery. *See* No. 3:09-cr-234-O (01), ECF No. 12. At sentencing, applying the 2009 United States Sentencing Guidelines ("U.S.S.G."), the Court found Movant to be a career offender under U.S.S.G. § 4B1.1 because he was at least eighteen when he committed the bank robberies, the bank robberies were crimes of violence, and he had at least two prior felony convictions for crimes of violence. *See* U.S.S.G. § 4B1.1(a). The Court sentenced him to 120 months in prison with five years of supervised release, well below the guideline range. *See* No. 3:09-cr-234-O (01), ECF No. 23.

Movant's direct appeal was dismissed, *see United States v. Hamilton*, No. 10-10098 (5th Cir. Jan. 25, 2011), and he later filed this 28 U.S.C. § 2255 motion. *See* ECF No. 2. Movant claims that

the Court erred when it found him to be a career offender under the U.S.S.G. for two reasons. First, he asserts that U.S.S.G. § 4B1.2's definition of "crime of violence" is unconstitutionally vague in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* ECF No. 2 at 8, 11-13. Second, he argues that the Court erred when it counted his previous robbery convictions as prior crimes of violence because they were "outdated" and "unreliable." *See id.* at 9.

**Discussion**

Movant's claims are without merit. Movant's claim that U.S.S.G. § 4B1.2's definition of "crime of violence" is void for vagueness after *Johnson* is foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 889, 892 (2017). In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act," 18 U.S.C. § 924(e)(2)(B)(ii) – which clause defines a "violent felony" as one "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. But *Beckles* held that, unlike the Armed Career Criminal Act at issue in *Johnson*, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. at 892; *see also United States v. Martinez*, 682 F. App'x 304, 304 (5th Cir. 2017) (*Beckles* "squarely held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process clause."). So, there is no merit to Movant's claim that he is entitled to relief under *Johnson*.

Nor is there merit to Movant's claim–raised for the first time after *Beckles* was announced–that *Beckles* is beside the point because he intended only to challenge a "criminal statute," not any definition contained in the U.S.S.G. *See* ECF No. 10 ("It is without doubt . . . that Movant's ground of error and his legal discussion in both his motion and amended motion . . . are

not in any way [premised] on [the U.S.S.G.], but are [premised] on this vague and unconstitutional statute U.S.S.G. § 4B1.1."). Movant's Section 2255 motion made plain that his challenge was to the U.S.S.G.'s definition of crime of violence. *See* ECF No. 2 at 9 (arguing that "it stretches credulity to say that, this unconstitutional residual clause of the guideline[s] could have been applied to [M]ovant in a manner or way that was 'constitutional' when the courts cannot do so in the context of the ACCA."). And, to the extent that Movant suggests that the career offender provision in U.S.S.G. 4B1.1 is a "statute," he is mistaken. *See Beckles*, 137 S. Ct. at 892 ("[T]he advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range."). Thus there is no merit to Movant's suggestion that the career offender provision in the U.S.S.G. is subject to vagueness challenges under *Johnson*.

Movant's second claim–that the Court misapplied Section 4B1.1 because his prior robbery convictions were too "outdated" and "unreliable" to count as violent felonies–is not cognizable in this Section 2255 proceeding. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) ("Williamson attacks head-on the sentencing court's application of § 4B1.1," but "Williamson should have raised this argument on direct appeal; it is not cognizable now."). "Section 2255 motions may raise only constitutional errors and other injures that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed," and "[m]isapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *Id.* (citation omitted). Because Movant's second claim is a head-on attack to the Court's application of U.S.S.G. § 4B1.1, "it is not cognizable now." *Williamson*, 183 at 462.

**Evidentiary Hearing**

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this instance, the matters reviewed by the Court conclusively show that Movant is entitled to no relief.

### Certificate of Appealability

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event that Movant elects to file a notice of appeal, the Court notes that he will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis*.

### Conclusion

This Section 2255 action is **DENIED** as meritless.

**SO ORDERED** this **26th day** of **October, 2017**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**